IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. BRYANT,

           Plaintiff,

vs.                              Case No. 16-3240-SAC

BUTLER COUNTY DETENTION FACILITY,

           Defendant.

**O R D E R**

    This case is before the court to consider plaintiff's responses to this court's order to show cause why this case should not be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)((B)(ii) and 1915A(b)(1). As noted in the show cause order, the court gives a liberal construction to plaintiff's pleadings.

    On December 8, 2016, plaintiff filed an amended complaint on forms for bringing an action under 42 U.S.C. § 1983. Doc. No. 3. The amended complaint names the Butler County Detention Facility (BCDF) as the sole defendant. The amended complaint alleges that employees at the BCDF neglected to follow up with treatment for a serious injury to plaintiff's hand causing plaintiff severe physical pain and suffering as well as mental anguish and permanent deformity. On pages 2 and 3 of the amended complaint, plaintiff asserts negligence by BCDF

1

personnel. The court's show cause order (Doc. No. 7), citing Daniels v. Williams, 474 U.S. 327 (1986), noted that a charge of negligence does not state a claim for a violation of the Constitution or federal law that may be litigated under 42 U.S.C. § 1983.[1]

Plaintiff has filed multiple responses to the show cause order. These responses provide more factual background. But, they do not describe facts, as opposed to bare assertions, showing a plausible claim of deliberate indifference to a serious medical need, as necessary to allege a constitutional violation for which plaintiff may recover under § 1983. Nor does plaintiff assert a claim against a person who may be sued under § 1983.

I. Plaintiff's responses

Plaintiff has submitted copies of medical records documenting two visits with medical staff on October 28, 2016 and November 18, 2016. Doc. No. 9. The records show that plaintiff was injured on October 10, 2016 when his vehicle rolled over while he was being chased by police. Plaintiff was treated at an emergency room on that day. A splint was applied to his right hand to care for a fracture or dislocation. The

---

[1] Section 1983 provides that persons acting under the authority of state law may be held liable for depriving citizens of their rights under the Constitution or laws of the United States.

court assumes that plaintiff was incarcerated at BCDF on or about October 10, 2016.

Plaintiff's October 28, 2016 medical visit occurred with an outside source ("The Hand Center, P.A.") while plaintiff was in custody at BCDF. The records indicate that plaintiff's hand was not discolored. They also show that he was not complaining of loss of nerve or motor function, but that there was some pain and dysfunction. X-rays showed a fracture. It was suggested that plaintiff try some time "out of cast" and try to establish a "gentle range of motion." Plaintiff was agreeable to this. A follow-up visit was suggested in 8 to 10 days.

A visit set for November 8, 2016 was cancelled, but plaintiff was seen again at the hand clinic on November 18, 2016. Plaintiff reported that he was about the same and still had some symptoms. The color and appearance of his hand was appropriate, but there was still some tenderness, stiffness and lack of strength. It was suggested that plaintiff squeeze warm water from a sponge or washcloth as an exercise. Otherwise, plaintiff was released to regular activities with follow-up as needed.

On January 25, 2017, plaintiff asserted to the court that he did not get follow-up visits that were ordered by doctors. Doc. No. 8. On February 7, 2017, plaintiff asserted the staff at BCDF denied several requests he made for medical treatment

"placing my . . . condition in a permanent state of undue trauma and disfigurement. Causing excessive pain and suffering along with substantially high future medical expense, in repairing the damage." Doc. No. 11. It appears that plaintiff was released from BCDF on or about March 9, 2017, but later returned to custody.

II. Failure to state a claim

To allege a constitutional violation for which he may recover under § 1983, plaintiff must allege facts describing a deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976)(applying standard to treatment of prisoners post-conviction); Olsen v. Layton Hills Mall, 312 F.3d 1304, 1315 (10th Cir. 2002)(applying the same standard to the treatment of pretrial detainees). This can result from intentionally denying or delaying access to medical care. Estelle, 429 U.S. at 104-05. But, proof of inadvertence or negligence is not sufficient to establish a valid claim. Id. at 105-06; Self v. Crum, 439 F.3d 1227, 1233 (2006). Further, the Constitution is not violated by a person who simply resolves "the question whether additional diagnostic techniques or forms of treatment is indicated." Estelle, 429 U.S. at 107. A plaintiff must show the defendant knew the plaintiff "faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it.'" Hunt v. Uphoff, 199

4

F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer v. Brennan, 511 U.S. 825, 847 (1994)).  A disagreement between an inmate and medical personnel over the course of treatment, without more, does not give rise to a deliberate indifference claim.  Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010).

In plaintiff's responses to the show cause order, plaintiff has failed to allege facts showing deliberate indifference as opposed to negligence.  Plaintiff does not plausibly describe a situation in which persons working for BCDF knew plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.  Plaintiff does not assert facts showing that BCDF personnel knew plaintiff was suffering severe pain or the possibility of permanent disfigurement.  The medical records submitted to the court do not indicate as much.  Nor do they indicate that follow-up visits ordered by doctors were disregarded.  At most, what plaintiff has alleged is that jail staff did not recognize or appreciate the severity of plaintiff's hand condition in the same way as plaintiff.  This might describe negligence, but it does not describe deliberate indifference to a serious medical need.

In Self, the court stated that a plausible claim may be described by facts showing that an obvious need for treatment was ignored.  439 F.3d at 1232.  This could happen when a BCDF

5

health officer or jail authority: 1) recognized the need for further medical treatment, such as delicate hand surgery requiring a specialist, and declined or refused to provide a referral; 2) failed to treat a condition, such as a gangrenous hand or serious laceration, that would have been obvious even to a layperson; or 3) completely denied care though presented with recognizable symptoms which potentially create a medical emergency. Id.; see also, Sparks v. Singh, 690 Fed.Appx. 598 608 (10th Cir. 2017)("absent an obvious risk, the need for additional treatment usually is a matter of medical judgment, which is not a predicate for deliberate indifference"); Walker v. Hickenlooper, 627 Fed.Appx. 710, 718 (10th Cir. 2015)(affirming dismissal of claims against some defendants when allegations did not show need for medical care was obvious to them). Plaintiff does not state facts plausibly showing that a recognizable need of treatment for a serious medical issue was known but disregarded by BCDF personnel.

In addition, although it was not mentioned in the court's show cause order, plaintiff has not named as a defendant a suable entity that allegedly acted to violate plaintiff's rights. Of course, a "person" liable under § 1983 may include governmental authorities which may sue or be sued and, in some instances, corporations who are performing governmental functions. This court, however, has held that county detention

6

facilities are not "persons" who may be sued under § 1983 because they do not have the legal capacity to sue or be sued. See Gray v. Kufahl, 2016 WL 4613394 *4 (D.Kan. 9/6/2016)(Lyon County Detention Center is not a suable entity); Baker v. Sedgwick County Jail, 2012 WL 5289677 *2 n.3 (D.Kan. 10/24/2012)(Sedgwick County Jail is not a suable entity under § 1983); Chubb v. Sedgwick County Jail, 2009 WL 634711 *1 (D.Kan. 3/11/2009)(same); Howard v. Douglas County Jail, 2009 WL 1504733 *3 (D.Kan. 5/28/2009)(Douglas County Jail is not a "person" subject to suit under § 1983).

If plaintiff were to name an entity which could be sued, such as the Board of County Commissioners for Butler County or a company in charge of providing medical services in the detention facility, his claim would still fail as currently alleged.  A governmental entity or a corporate entity performing a governmental function is not liable under § 1983 merely because it employed someone whose actions violated § 1983.  The doctrine of respondeat superior or vicarious liability does not apply. Plaintiff would have to allege facts demonstrating that a county or corporate policy caused the alleged constitutional violation. See Connick v. Thompson, 563 U.S. 51, 60-61 (2011); Smedley v. Corrections Corp. of America, 175 Fed. App'x 943, 946 (10th Cir. 2005)(applying § 1983 standards for municipal liability to a private prison corporation); Cox v. Ann, 2015 WL 859064 *16

7

(D.Kan. 2/27/2015)(same).  Plaintiff does not allege facts in the complaint which plausibly demonstrate that a county or corporate policy was responsible for his injury.  In summary, plaintiff's failure to allege facts describing a plausible claim against an individual or suable entity provides additional grounds to dismiss plaintiff's amended complaint for failure to state claim.

III. Conclusion

Plaintiff's amended complaint and responses to the court's show cause order fail to allege facts showing a plausible claim of deliberate indifference to a serious medical need.  In addition, plaintiff fails to name an individual or suable entity whose actions or policies are alleged to be deliberately indifferent to plaintiff's serious medical needs while plaintiff was at BCDF.  The court concludes that plaintiff has failed to state a claim and directs that plaintiff's case be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2018, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge